IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT OF TENNESSEE

_____

| | | |
|---|---|---|
| TAMEKA WORDLOW AND JASON LEGRONE, | ) | |
| Plaintiffs, | ) | |
| vs. | ) | No. 2:11-CV-02127-STA |
| STATE FARM FIRE AND CASUALTY COMPANY | ) | JURY DEMANDED |
| Defendants. | ) | |

_____

AMENDED COMPLAINT
_____

Comes now Plaintiff, by and through counsel, and for his cause action would respectfully show unto to the Court as follows:

1. Plaintiff, Tameka Wordlow (Legrone), is and at all times pertinent herein, has been, a resident citizen of Shelby County, Tennessee.

2. Plaintiff, Jason Legrone, is and at all times pertinent herein, has been, a resident citizen of Shelby County, Tennessee.

3. Defendant, State Farm Fire and Casualty Company, on information and belief, is a corporation authorized and licensed to do business in the State of Tennessee and may receive service by and through the State of Tennessee Department of Commerce and Insurance [located at 500 James Robertson Pkwy, Nashville TN 37243-0565.]

**JURISDICTION AND VENUE**

4. That all acts complained of in this cause of action occurred in Memphis, Shelby County, Tennessee.

FACTS

5. On or about June 4, 2009, Tameka Wordlow, insured, entered into a contract with State Farm Fire and Casualty Company for home owners insurance (Policy Number 42-BH-K431-4)(Hereinafter Policy) for property located at 9724 Riggin Dr., Arlington TN 38002-8241 (hereinafter home).

6. On information and belief, Jason Legrone, is the husband of Tameka Wordlow and resides at 9724 Riggin Dr., Arlington TN 38002-8241 and is also covered under said policy.

7. On or about August 25, 2009, the home of the plaintiffs was burglarized. At that time, this burglary was reported to Memphis Police under report No. 0908014244ME.                .

8. On information and belief, Plaintiffs made a valid claim to the Defendant for losses sustained in said burglary. To date, Defendants have failed to honor the claim of the Plaintiffs.

## COUNT I: BREACH OF CONTRACT

9. The allegations of paragraph 1 through 8 are incorporated herein as though fully restated and re-alleged.

10. Defendants breached their agreement, as listed in the Policy, with Plaintiffs to satisfy their claim or provide coverage at 9724 Riggin Dr., Arlington TN 38002-8241.

11. Plaintiffs allege that they complied with all of the terms and conditions of the terms of the Policy.

12. As a result of Defendant's breach of the agreement, Plaintiffs have been damaged in that they incurred a total loss of home and property; the cost of replacing clothing and personal property; loss of wages from work, relocation costs, all of which caused Plaintiffs to suffer extreme emotional distress, embarrassment and humiliation.

## COUNT II: FRAUD/MISREPRESENTATION

13. The allegations of paragraph 1 through 12 are incorporated herein as though fully restated and re-alleged.

14. Defendants fraudulently and maliciously misrepresented its intention to provide Renters insurance as per the Policy.  Defendant received notice and accepted payment from Plaintiff Tameka Wordlow for coverage on the property located at 9724 Riggin Dr., Arlington TN 38002-8241 and still denied coverage to the insured Plaintiffs.

15. As a result of Defendants' fraudulent misrepresentation, Plaintiffs have been damaged in that they incurred a total loss of home and property;  the cost of replacing clothing and personal property,  the cost of emergency housing; loss of wages from work, and relocation costs, all of which caused Plaintiff to suffer extreme emotional distress, embarrassment and humiliation.

## COUNT III: BAD FAITH

16. The allegations of paragraph 1 through 15 are incorporated herein as though fully restated and re-alleged.

17. Plaintiffs alleges that the Defendants acted in bad faith in their refusal to honor the Policy and such refusal to pay has inflicted additional expenses to Plaintiffs.

18. As a result of Defendant's bad faith, Plaintiffs have been damaged in that they have sustained a total loss of property;  the cost of replacing clothing and personal property,  the cost of emergency housing; loss of wages from work, and relocation costs, all of which caused Plaintiffs to suffer extreme and emotional distress, embarrassment and humiliation.

## COUNT IV: ESTOPPEL

19. The allegations of paragraph 1 through 18 are incorporated herein as though fully restated and re-alleged.

20. Defendants have knowingly and willingly accepted payment for Renters insurance

coverage. After receiving payment from Plaintiffs, Defendants have denied coverage and refused payment on the Policy.

21.     As a result of Defendant's denial of coverage, Plaintiffs have been damaged in that they have sustained a total loss of property; the cost of replacing clothing and personal property, the cost of emergency housing; loss of wages from work, and relocation costs, all of which caused Plaintiffs to suffer extreme and emotional distress, embarrassment and humiliation.

### COUNT V: CONSUMER PROTECTION VIOLATION

22.     The allegations of paragraph 1 through 21 are incorporated herein as though fully restated and re-alleged.

23.     Defendants have accepted payment for providing renters insurance coverage. After receiving a valid claim from Plaintiffs, Defendants have knowingly and willfully denied coverage and refused payment on the Policy, in violation of the Consumer Protection Laws of Tennessee Tennessee Code Annotated sections 47-18-109.

24.     As a result of Defendant's denial of coverage, Plaintiffs have been damaged in that they have sustained a total loss of property; the cost of replacing clothing and personal property, loss of wages from work, and attorney's fees, all of which caused Plaintiffs to suffer extreme and emotional distress, embarrassment and humiliation.

**WHEREFORE**, Plaintiffs prays for judgement against Defendant as follows:

Plaintiff request damages in the value of the total loss of their personal and business related property, the cost of replacing clothing and personal property, attorney's fees, loss of wages from work, all of which caused Plaintiffs to suffer stress, anxiety, and embarrassment.

Plaintiffs request compensatory and exemplary damages, including but not limited to, penalties, interests, expenses and attorney fees, in an amount deemed appropriate by the jury.

Punitive damages in an amount to be determined by the jury.

Penalties and damages for Bad Faith by the Defendants.

Plaintiff request those damages deemed appropriate under the Consumer Protection Laws of Tennessee.

Such other relief as is consistent with law, fairness and equity, and respectfully pray for a trial by jury on all issues of fact.

Respectfully Submitted,

s/ Michael Campbell
Michael R. Campbell(025898)
8 So. 3rd Street, 4th Floor
Memphis, TN 38103
Telephone: (901) 529-8500
Fax No.:    (901) 524-1803

s/ Stephen Sauer
Stephen A. Sauer (#015254)
8 So. 3rd Street, 4th Floor
Memphis, TN 38103
Telephone: (901) 529-8500
Fax No.:    (901) 524-1803